# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barbara Jane Jackson, )<br>)<br>  Plaintiff, )<br>) Civil Action No. 2:21-2472-RMG<br>v. )<br>)<br>Kilolo Kijakazi, Acting Commissioner )<br>of Social Security, ) **ORDER**<br>)<br>  Defendant. )<br>_____) | |

This matter comes before the Court as an appeal under 42 U.S.C. § 405(g) from a decision of the Commissioner of Social Security denying Plaintiff Disability Insurance Benefits ("DIB") under the Social Security Act. (Dkt. No. 1). The matter was referred to the Magistrate Judge pursuant to Local Rule 73.02(B)(2)(a), D.S.C., who issued a Report and Recommendation ("R & R") on June 10, 2022 recommending that the decision of the Commissioner be affirmed. (Dkt. No. 13). Plaintiff filed objections to the R & R and the Commissioner filed a response. (Dkt. Nos. 15, 16). As explained below, the Court adopts the R & R of the Magistrate Judge as the order of the Court and affirms the decision of the Commissioner.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

Plaintiff was previously a health administrative specialist at a Veteran's Administration Hospital who retired in August 2017 because persistent back pain made it difficult for her to sit for long periods of time. She was 61 years old at the time of her alleged onset date. After Plaintiff's application for Social Security disability was initially denied, she appealed the adverse decision and a hearing was conducted before an Administrative Law Judge ("ALJ") via telephone on May 5, 2020. The ALJ issued a decision on May 15, 2020 finding Plaintiff was not disabled under the Social Security Act because she still retained a residual function capacity

("RFC") to do less than the full scope of sedentary work and was capable of performing her past relevant work. (Dkt. No. 4-2 at 19-28).  The Magistrate Judge, in a detailed 24 page R & R, recommended this Court affirm the decision of the Commissioner. (Dkt. No. 13).

Plaintiff filed objections to the R & R, arguing that the Magistrate Judge erred in accepting the ALJ's RFC determination because he had failed to "properly evaluate the opinion of the consultative examiner Mark McClain, Ph.D."  (Dkt. 15 at 1).  Plaintiff argued that (1) the ALJ improperly found Dr. McClain's diagnosis of a panic disorder unreliable based on reliance on his patient's subjective complaints; (2) the Magistrate Judge erred in not recommending the matter be remanded to the agency because the ALJ had not completed and attached to the decision a Psychiatric Review Technique Form ("PRTF"); and (3) the ALJ failed to address the opinions of a non-examining psychological consultant, Dr. R. Warren. (*Id*. at 1-2).  The Court addresses each of these objections as follows:

1. <u>The ALJ found the opinion of Dr. McClain, the consultative examiner unpersuasive based on multiple factors and did not reject Dr. McClain's opinion simply based on the subjective complaints of the Plaintiff</u>.

Plaintiff's application for Social Security disability made reference to her chronic back pain and there was no claim of any psychiatric impairment.  In her testimony at the administrative hearing, Plaintiff described her back pain and made no complaint about a panic disorder.  In the course of processing her Social Security disability application, Plaintiff was evaluated by a consultative examiner, Dr. McClain, for a one time evaluation. Dr. McClain found that Plaintiff did not report experiencing depressed moods, had normal levels of anxiety, and had coherent, logical thoughts. (Dkt. No. 4-8 at 330).  He did note, however, that she reported having panic attacks several times a week and diagnosed her with a panic disorder. (*Id*.

at 331). He concluded that her mental health issues would not significantly impact her ability "to perform simple tasks at a reasonable pace or to focus on more complex work-related tasks." (*Id*.).

The ALJ found Dr. McClain's diagnosis of a panic disorder unpersuasive, noting that there were few, if any, reports of such symptoms in the records of Plaintiff's treating physicians and Dr. McClain "apparently based [his diagnosis] on her subjective complaints to him." The ALJ further noted that there was no record of Plaintiff seeking or receiving treatment for a panic disorder, and Plaintiff offered no evidence that the alleged panic disorder impacted her ability to "understand, remember, or apply information; interact with others; concentrate, persist or maintain pace; or adapt or manage herself." (Dkt. No. 4-2 at 27 n. 4).

Plaintiff now argues that rejecting an opinion of a mental health professional simply because the provider relied on the subjective information provided by his patient was reversible error. Plaintiff is correct that if Dr. McClain's opinion was rejected by the ALJ only because the patient was the source of the information that would be improper. This was plainly not the case. The ALJ noted that there was little, if any, documentation in the records of Plaintiff's treating physicians of this allegedly multi-time a week problem with panic attacks and she had never sought or received medical treatment for this alleged disorder. The ALJ contrasted this lack of medical history of panic attacks with the prominence of the panic attack complaints in Dr. McClain's report. The ALJ's reference to the patient's subjective complaints was not to make the point that the patient was the source of information but that this complaint was inconsistent with the voluminous medical record in this case. Consequently, the Court finds this objection by Plaintiff to be without merit.

      2.      <u>The ALJ incorporated the requirements of 20 C.F.R. § 404.1520a into his administrative decision and the absence of a completed PRTF appended to the decision was not reversible error</u>.

Plaintiff argues that because Dr. McClain diagnosed Plaintiff with a panic disorder and the ALJ implicitly recognized this condition was a non-severe impairment, the ALJ was obligated to complete a PRTF. A PRTF, Form SSA-2506-BK, is a multi-page form used by the Social Security Administration to evaluate various mental health conditions when mental impairments are evaluated in disability applications. The form tracks the requirements of § 404.1520a(c)(1)-(4) for the evaluation of mental impairments. The regulation addresses "four broad functional areas . . .: Understand, remember or apply information; interact with others; concentrate, persist or maintain pace; and adapt or manage oneself." § 404.1520a(c)(3). A failure of an ALJ to address the four functional areas of the regulation when addressing a severe or non-severe mental health impairment is error. Compliance with the regulation can be accomplished by completing the PRTF and appending it to the decision or by "incorporat[ing] its mode of analysis into the ALJ's findings and conclusions." *Keyser v. Commissioner of Social Security*, 648 F.3d 721, 726 (9th Cir. 2011).

As the Court earlier quoted from the administrative decision, the ALJ explicitly addressed all four functional factors set forth in the regulation: "In addition a thorough review of the evidence fails to show any limitation in ability to understand, remember, or apply information; interact with others; concentrate, persist or maintain pace; or adapt or manage herself." (Dkt. No. 4-2 at 27 n. 4). The finding of the Magistrate Judge that the ALJ "in essence perform[ed] the PRTF analysis in his decision" is clearly correct. Plaintiff's objection is without merit.

    3.    <u>The failure of the ALJ to address the findings of a non-examining and non-treating chart reviewer that Plaintiff had "mild" and "non-severe" mental limitations does not require reversal and remand</u>.

An in-house chart reviewer at the Social Security Administration, Dr. R. Warren, found that Plaintiff had a mild and non-severe anxiety impairment. (Dkt. No. 4-3 at 22-24). Normally, a Plaintiff would not desire to make much of such a benign finding. Plaintiff cites this report in furtherance of the argument that any mental impairment, even a mild and non-severe one, required further assessment with a PRTF. As the Court noted previously, the ALJ did perform the equivalent of the PRTF by addressing explicitly and making findings regarding the four functional areas set forth in §404.1520a(c)(3). While it is obviously preferable for the ALJ to address the findings of each medical expert, Dr. Warren's opinions were consistent with the findings of the ALJ and any error was harmless. The Court finds the objection to be without merit.

## Conclusion

Based on the foregoing, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 13) as the order of the Court. The decision of the Commissioner is affirmed.

**AND IT IS SO ORDERED**.

<u>S/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
July 5, 2022